**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------X

| | |
|---|---|
| ANNMARIE MALLOZZI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>INDUSTRIAL ENTERPRISES OF AMERICA, INC.; JOHN MAZZUTO; JORGE YEPES; DENNIS O'NEILL; and JAMES MARGULIES,<br><br>Defendants. | CASE No.: 07-CV-10321 (GBD)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE IEAM INVESTORS TO: (1) APPOINT LEAD PLAINTIFFS; AND (2) APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL**<br><br><u>CLASS ACTION</u> |

------------------------------------------------------------------------------X

Plaintiffs Steven Rash and Carl Meisner[1] (collectively "Movants" or "IEAM Investors") respectfully submit this memorandum of law in support of their motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

  (1) appointing the IEAM Investors and its members individually and collectively as Lead Plaintiffs for the class of all purchasers of common stock of Industrial Enterprises of

---

[1] Mr. Meisner seeks appointment as Lead Plaintiff on his purchases IEAM stock made on behalf his minor children over whose investment accounts he exercises legal control and serves as fiduciary. Mr. Meisner's minor children's names are: Colon, Amanda, Abra, Sean, Dalton, and Ross.

America, Inc. ("IEAM" or the "Company"), during the period from November 14, 2006, through and including November 8, 2007 (the "Class Period"); and

(2) approving Movants' selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

Defendant Industrial Enterprises of America, Inc. ("IEAM" or the "Company") is a Nevada Corporation with its principal executive offices located at 711 Third Avenue, Suite 1505, New York, New York 10017. IEAM is an automotive aftermarket supplier of anti-freeze, motor oil, and other chemical products used in the automotive industry. From the beginning of the Class Period until April 23, 2007, the Company's common stock was listed on the NASDAQ Bulletin Board under ticker "IEAM.OB". At all relevant times thereafter, the Company's stock was listed on the NASDAQ Capital Market under the ticker "IEAM".

On November 14, 2007 the Rosen Law Firm filed the first and only class action Complaint against the Company and certain of its officers, directors, and agents for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated thereunder, on behalf of all purchasers of the common stock of IEAM during the Class Period. On November 16, 2007, the Rosen Law Firm issued an early notice pursuant to the PSLRA advising class members of, *inter alia,* the allegations and claims in the Complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Declaration of Phillip Kim, ("Kim Decl.") Ex. 1.

The Complaint alleges that during the Class Period the Company issued materially false and misleading statements of revenues and earnings in violation of Generally Accepted Accounting Principles. On November 7, 2007 IEAM announced that its prior financial

statements with the SEC could no longer be relied upon and that a restatement was pending an internal review. The Company also announced that it had suspended its CFO, defendant Yepes, based upon wrongdoing discovered during the accounting review. As a result of these adverse disclosures, the Company's stock dramatically fell from a Class Period high of over $6.00 per share, to less than $1.00 per share.

## ARGUMENT

### I. THE MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

The PSLRA sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or *group of persons*" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii) (*emphasis added*).

As set forth below, the Movants satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the class and, therefore, should each be appointed Lead Plaintiff.

### A.     The Movants Are Willing to Serve as Class Representatives

Each of the members of the IEAM Investors has filed the instant motion, and has filed with this Court a Certification attesting that he is willing to serve as a representative of the class and is willing to provide testimony at deposition and trial, if necessary *See* Kim Decl., Ex. 2. Accordingly, each of the members of the IEAM Investors satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.     The Movants Have the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or **group of persons** that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii) (*emphasis added*).  "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[2] factors in determining the largest financial interest, "[t]he amount of financial loss is the most significant of [LAX-style] elements." *Weiss v. Friedman, Billings, Ramsey, Group, Inc.*, 2006 WL 197036 * 3 (S.D.N.Y. Jan. 25, 2006) (*quoting In re Vicuron Pharms. Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004)); *see also Richardson v. TVIA, Inc.*, 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007) (of the Lax/Olsten Factors approximate loss is most determinative).  Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

---

[2] *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

Movant Steven Rash purchased a total of 40,000 shares of IEAM stock during the Class Period at cost of $213,250.00. He sold 5,000 shares and still holds 35,000 Class Period shares. Thus, he has suffered approximate losses of $173,300.00.[3] *See* Kim Decl., Ex. 3.

Movant Carl Meisner and the accounts he controls for his minor children purchased 7,475 shares of IEAM stock during the Class Period at a cost of $40,731.50. He sold 7,125 shares and the accounts still hold 350 Class Period shares. Thus, he has suffered approximate losses of $33,807.00. *See* Kim Decl., Ex. 3.

Thus, the IEAM Investors' group has suffered collective losses of $207,107. Movants have the largest financial interest of any class member that has made an appearance in this litigation to date.

With only two members, the IEAM Investors are small enough and cohesive so that coordinated decision making should not present any difficulties. The Securities and Exchange Commission has noted, and numerous courts have held, that groups of this size, all with substantial losses, are suitable lead plaintiffs. *See e.g. In re Nature's Sunshine Products, Inc.*, 2006 WL 2380965 (D. Utah Aug. 16, 2006) (appointing group of three unrelated investors lead plaintiff); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (appointing a seven member group lead plaintiff); s*ee also In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 217 (D.D.C.1999); *In re Cendant Corp. Secs. Litig.*, 264 F.3d 201, 267 (3d. Cir. 2001) (agreeing with SEC view that a group larger than five may be too large to work effectively); *In re The First Union Corp. Secs. Litig.*, 157 F. Supp.2d 638, 643 (W.D.N.C. 2000); *In re Universal Access, Inc. Secs. Litig.*, 209 F.R.D. 379, 384 (E.D. Tex. 2002); *In re Oxford Health Plans, Inc. Secs. Litig.*, 182 F.R.D. 42, 49

---

[3] In determining losses for held shares, Movants use the average daily closing price of the Company's stock ($0.82) from the end of the Class Period to January 14, 2008, as the 90 days have not elapsed pursuant to the PSLRA look-back period. *See In re Microstrategy, Inc. Secs. Litig.*, 110 F. Supp.2d 427, 436 no. 22 (E.D. Va. 2000) (applying PSLRA look-back period); 15 U.S.C. §78u-4(e)(1).

(S.D.N.Y. 1998)(co-lead plaintiff group allows for broad representation and sharing of resources and experience).

Movants are not aware of any other movants that have suffered greater losses in IEAM securities during the Class Period. Accordingly, with total losses of $207,107.00, the IEAM Investors satisfies the largest financial interest requirement to be appointed as Lead Plaintiffs for the class.

### C. The Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60, 64 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Oxford Health Plans*, 182 F.R.D. at 49 (*citing Gluck v.*

*Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *Olsten Corp.*, 3 F. Supp. 2d at 296.

The IEAM Investors and each of its members fulfill the requirements of Rule 23. They each share substantially similar questions of law and fact with the members of the class and their claims are typical of those of the members of the class. Each of the members of the IEAM Investors and all members of the class allege that defendants violated the Exchange Act by publicly disseminating false and misleading statements of revenues and earnings. Each of the members of the IEAM Investors, as did all of the members of the class, purchased IEAM shares at prices artificially inflated by defendants' misrepresentations and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between the IEAM Investors and other class members, as well as the formers' strong desire to prosecute these actions on behalf of the class, provides ample reason to grant the Movants' motion to serve as Lead Plaintiffs.

### D. The Movants Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing the IEAM Investors as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (a)  will not fairly and adequately protect the interest of the class; or
>
> (b)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The IEAM Investors' and each of its members' ability and desire to fairly and adequately represent the class have been discussed in Section C, above. The IEAM Investors are not aware of any unique defenses defendants could raise against them that would render any of them inadequate to represent the class. Accordingly, the Court should appoint the IEAM Investors as Lead Plaintiffs for the class.

## II.     THE MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiffs to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiffs' selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The IEAM Investors and each of its members have selected The Rosen Law Firm, P.A. as Lead Counsel. The Rosen Law Firm has been actively researching the class Plaintiffs' claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the Defendants. Indeed, the Rosen Law Firm was the firm that filed the first and only securities class action against the Company. Furthermore, the Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigations and securities fraud class actions on behalf of investors *See* Kim Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movants' selection of Lead Counsel, the members of the class will receive the best legal representation available.

## **CONCLUSION**

For the foregoing reasons, the Movants respectfully request the Court issue an Order (1) appointing the IEAM Investors and each of its members as Lead Plaintiffs of the class; (2) approving the IEAM Investors' selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Respectfully submitted,

Dated: January 15, 2008

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

    I hereby certify that on this on the 15th day of January, 2008, a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE IEAM INVESTORS TO: (1) APPOINT LEAD PLAINTIFFS; AND (2) APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL, was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                                                                 /s/ Phillip Kim