**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ANNMARIE MALLOZZI, INDIVIDUALLY AND           CASE No.: 07-CV-10321 (GBD)
ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

                                               **IEAM INVESTORS'**
                                               **MEMORANDUM OF LAW**
            Plaintiff,                         **IN FURTHER SUPPORT OF**
                                               **MOTION FOR**
        vs.                                    **APPOINTMENT AS LEAD**
                                               **PLAINTIFFS AND IN**
INDUSTRIAL ENTERPRISES OF AMERICA, INC.;       **OPPOSITION TO**
JOHN MAZZUTO; JORGE YEPES; DENNIS O'NEILL;     **COMPETING LEAD**
and JAMES MARGULIES,                           **PLAINTIFF MOTION**

            Defendants.                        CLASS ACTION
-------------------------------------------------------------------------X

      Plaintiffs Steven Rash and Carl Meisner[1] (collectively "Movants" or "IEAM Investors") respectfully submit this memorandum of law in further support of their motion to be appointed as Lead Plaintiffs pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the

---

[1] Mr. Meisner seeks appointment as Lead Plaintiff on his purchases of IEAM stock made on behalf his minor children, over whose investment accounts he exercises legal control and for which serves as fiduciary. Mr. Meisner's minor children's names are: Colon, Amanda, Abra, Sean, Dalton, and Ross. Under these circumstances, Mr. Meisner is considered a single lead plaintiff party. *See e.g. In re Vonage Initial Public Offering (IPO) Secs. Litig.*, 2007 WL 2683636 * 10 (D.N.J. Sept. 7, 2007) (considering lead plaintiff movant as one person representing family members); *In re Milestone Sci. Secs. Litig.*, 183 F.R.D. 404, 418 (D.N.J. 1998) (considering family members all as one person).

"Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and in opposition to the competing Lead Plaintiff motion.

## PRELIMINARY STATEMENT

Before this Court are two motions[2] by Class member groups seeking appointment as Lead Plaintiffs, among whom the IEAM Investors have by far the largest financial interest in the relief sought by the Class. Doing an "apples to apples" comparison[3] as the Court must, the IEAM Investors have the largest approximate losses in Industrial Enterprises of America, Inc. ("IEAM" or the "Company") stock during the Class Period. Indeed, the IEAM Investors, with losses of $207,107.00, have losses more than *4 times* the losses of the Goldenberg Group. Moreover, each member of the IEAM Investors has losses larger than those of any member of the Goldenberg Group. The financial interests of the movants are summarized below:

| MOVANT | APPROXIMATE LOSSES[4] |
|---|---|
| **IEAM Investors** <ul><li>**Steven Rash**</li><li>**Meisner Family**</li></ul> | **$207,107.00** <ul><li>$173,000.00</li><li>$33,807.00</li></ul> |
| Goldenberg Group <ul><li>Ron Goldenberg</li><li>Carl Haeussler</li></ul> | $44,861.00 <ul><li>$33,637.00</li><li>$14,224.00</li></ul> |

In addition to having the largest financial interest in this litigation, the IEAM Investors also satisfy the pertinent requirements of Rule 23 and have complied with the PSLRA. As set

---

[2] Competing movant, styled as the "Goldenberg Group", consists of Ron Goldenberg and Carl Haeussler.

[3] As the Goldenberg Group did not submit a loss chart, the IEAM Investors have compiled such a chart from the Goldenberg Group's certification using the same PSLRA lookback price of ($.82) utilized by the IEAM Investors. Both the IEAM Investors' Loss Chart filed with their opening papers and the Goldenberg Group's loss chart are filed as Exhibit 1 to the Opposition Declaration of Phillip Kim filed herewith (the "Kim Opp. Decl.").

[4] *See* Kim Opp. Decl., Ex. 1.

forth in their opening papers, Movants *prima facie* satisfy the typicality and adequacy requirements of Rule 23, and thus they are entitled to the presumption under the PSLRA that they are the most adequate Plaintiffs in this litigation. *See* Opening Br. pp. 6-8.[5] As no other movant has submitted any proof to rebut that presumption, the IEAM Investors must be appointed Lead Plaintiffs and their selection of counsel approved.

## ARGUMENT

### I. THE IEAM INVESTORS ARE THE PRESUMPTIVELY MOST ADEQAUTE PLAINTIFFS

#### A. The IEAM Investors Have the Largest Financial Interest

As set forth in Movants' opening papers, "approximate loss" is the most determinative factor in finding the largest financial interest. Indeed, "[w]hile the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005); *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 104 (S.D.N.Y. 2007); *In re Comverse Tec. Inc. Secs. Litig.*, 2007 WL 680779 * 3 (E.D.N.Y. Mar. 2, 2007) (approximate loss "most influential"); *Weiss v. Friedman, Billings, Ramsey Group, Inc.*, 2006 WL 197036 * 3 (S.D.N.Y. Jan. 25, 2006) (same); *Richardson v. TVIA, Inc.,* 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007) (approximate loss most determinative).

As noted above, the IEAM Investors, with losses of $207,107.00, have more than *4* times the losses of the Goldenberg Group-- $47,861.00.

#### B. Movants Satisfy Rule 23

In addition to possessing the largest financial interest in the litigation, the lead plaintiffs must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil

---

[5] All references to "Opening Br. __" refer to the IEAM Investors' Opening Memorandum of Law Filed with the Court on January 15, 2008. Docket no. 10.

Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii). The Court must then focus its Rule 23 inquiry on that party. At this stage, the typicality and adequacy requirements are the only Rule 23 considerations relevant to the appointment of lead plaintiffs. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche Co., Inc.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004). So long as the movant with the largest financial interest *prima facie* demonstrates that it satisfies the typicality and adequacy requirements, here IEAM Investors, the movant is entitled to most adequate lead plaintiff status. *Id*.

As set forth in their Opening Br. pp. 6-8, each of the members of the IEAM Investors group satisfies the typicality and adequacy requirements of Rule 23, and has demonstrated that each of them can fairly and adequately protect the interests of the class. As the IEAM Investors have the largest financial interest in this litigation and otherwise satisfy the requirements of Rule 23, the IEAM Investors satisfy all prongs of the PSLRA's prerequisites for appointment as Lead Plaintiffs in this action and are presumed to be the "most adequate plaintiffs."

## II.     THE PRESUMPTION OF ADEQUACY HAS NOT BEEN REBUTTED

The competing movant may attempt to conjure up speculative arguments to rebut the powerful presumption in favor of the IEAM Investors. Any such speculative challenge does not satisfy the PSLRA's requirement that the presumptively most adequate plaintiffs may only be rejected if a rival movant presents "proof" that the presumptive lead plaintiff, here the IEAM Investors, will not adequately represent the class. 15 U.S.C. § 78u-4(a)(3)(b)(iii)(II); *In re Fuwei Films Secs. Litig.*, --F. Supp.2d --, 2008 WL 216289 * 4 (S.D.N.Y. Jan 24, 2008); *see also Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 547-48 (N.D. Tex. 1997) ("speculative assertions are insufficient to rebut the presumption" of adequacy); *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (emphasizing that the PSLRA requires proof of inadequacy and not

mere "speculation"); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence …."); *Glauser v. EVCI Center Colleges Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006 ) (same).

Moreover, although the Court may compare putative lead plaintiffs' losses when assessing financial stake, once the statutory presumption has attached, it cannot be rebutted through relative comparison as to adequacy or typicality. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002); *see also Sofran*, 220 F.R.D. at 402 ("That the district court believes another plaintiff may be 'more typical' or 'more adequate' is of no consequence.  So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirement, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").

As the IEAM Investors group is the movant with the largest financial interest and has made a *prima facie* demonstration that each of its members satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure, and no movant has rebutted the presumption of adequacy, the IEAM Investors must be appointed Lead Plaintiffs.

### III. THE COMPETING MOTION SHOULD BE DENIED

As set forth above, IEAM Investors have the largest financial interest and has *prima facie* established typicality and adequacy under Rule 23. Under these circumstances, the Court must appoint each of them as Lead Plaintiffs without consideration of the other competing movants with lesser financial interests.

**IV.     THE MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED**

As set forth in its Opening Br. p. 8, the Rosen Law Firm has extensive experience in successfully prosecuting securities class actions and is adequate to serve the interests of the Class. Indeed, the Rosen Law Firm was the firm that initiated the first-filed and only lawsuit against the Defendants and has been actively prosecuting this action from the start. Consequently, the Court should approve the IEAM Investors' selection of the Rosen Law Firm as Lead Counsel.

## CONCLUSION

For the foregoing reasons, the Movants respectfully request that the Court issue an Order (1) appointing the IEAM Investors as Lead Plaintiffs for the Class; (2) approving Lead Plaintiffs' selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Respectfully submitted,

Dated: January 30, 2008

**THE ROSEN LAW FIRM, P.A.**

　　　/s/ Phillip Kim　　　
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 30th day of January, 2008, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                        /s/ Phillip Kim