UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ANNMARIE MALLOZZI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>     Plaintiff,<br><br>    v.<br><br>INDUSTRIAL ENTERPRISES OF AMERICA, INC.; JOHN MAZZUTO; JORGE YEPES; DENNIS O'NEILL; and JAMES MARGULIES,<br><br>     Defendants. | )<br>)<br>)<br>)<br>) C.A. No: 07-10321<br>)<br>)<br>)<br>) CLASS ACTION<br>)<br>)<br>) <u>JURY TRIAL DEMANDED</u><br>)<br>)<br>)<br>)<br>) |

---

**MEMORANDUM OF LAW BY THE GOLDENBERG GROUP IN OPPOSITION TO THE COMPETING MOTION AND IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF CO-LEAD COUNSEL**

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ........................................................................................................... ii

INTRODUCTION ............................................................................................................................1

THE GOLDENBERG GROUP SHOULD BE APPOINTED LEAD PLAINTIFF........................1

COMPETING MOVANTS ARE INADEQUATE CLASS REPRESENTATIVES .....................2

    1.    Competing Movants violated the PSLRA ............................................................2

    2.    There is No Evidence that Competing Movants Have any Prior Relationship .......4

THE GOLDENBERG GROUP HAS THE LARGEST FINANCIAL INTEREST IN THE RELIEF SOUGHT AND OTHERWISE SATISFIES RULE 23 .....................................................5

CONCLUSION .................................................................................................................................8

# TABLE OF AUTHORITIES

**CASES**                                                                                                                              **Page(s)**

*Aronson v. McKesson HBOC, Inc.*,
  79 F. Supp. 2d 1146 (N.D. Cal. 1999) .................................................................................. 7

*Bowman v. Legato Systems, Inc.*,
  195 F.R.D. 655 (N.D. Cal. 2000) .......................................................................................... 4

*Burke v. Ruttenberg*,
  102 F. Supp. 2d 1280 (N.D. Ala. 2000) ................................................................................ 2

*Chill v. Green Tree Financial Corp.*,
  181 F.R.D. 398 (D. Minn. 1998) ........................................................................................... 2

*In re Critical Path, Inc. Securities Litigation*,
  156 F. Supp. 2d 1102 (N.D. Cal. 2001) ................................................................................ 4

*In re Drexel Burnham Lambert Group, Inc.*,
  960 F.2d 285 (2d Cir. 1992), *cert. dismissed*, 506 U.S. 1088 (1993) ................................... 6

*Fischler v. Amsouth Bancorporation*,
  C.A. No. 96-1567, 1997 U.S. Dist. LEXIS 2875 (M.D. Fla. Feb. 6, 1997) .......................... 5

*In re Gemstar-TV Guide International, Inc. Securities Litigation*,
  209 F.R.D. 447 (C.D. Cal. 2002) ....................................................................................... 4, 7

*In re Kirschner Medical Corp. Securities Litigation*,
  139 F.R.D. 74 (D. Md. 1991) ................................................................................................ 6

*Lax v. First Merchants Acceptance Corp.*,
  C.A. No. 97-2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ......................... 5

*In re Network Associates, Inc. Securities Litigation*,
  76 F. Supp. 2d 1017 (N.D. Cal. 1999) .................................................................................. 4

*In re Silicon Storage Technology, Inc. Securities Litigation*,
  C.A. No. 05-0295, 2005 U.S. Dist. LEXIS 45246 (N.D. Cal. May 3, 2005) ........................ 4

*Vladimir v. Bioenvision, Inc.*,
  C.A. No. 07-6416, 2007 U.S. Dist. LEXIS 93470 (S.D.N.Y. 2007) ..................................... 5

*Zaltzman v. Manugistics Group, Inc.*,
  C.A. No. 98-1881, 1998 U.S. Dist. LEXIS 22867 (D. Md. Oct. 8, 1998) ............................. 6

## **RULES AND STATUTES**

15 U.S.C. § 78u-4(a), *et seq.* ("PSLRA")................................................................*passim*

Securities Exchange Act of 1934 ("1934 Act")................................................................1

500549

iii

## INTRODUCTION

The Goldenberg Group, consisting of Ron Goldenberg and Carl Haeussler, submit this memorandum of law in opposition to the competing motion and in further support of their motion for: (i) appointment as Lead Plaintiff, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (ii) approval of Lead Plaintiff's selection of Lead Counsel, and in opposition to the competing motions.

## THE GOLDENBERG GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The Goldenberg Group should be appointed lead plaintiff for myriad reasons. It is beyond cavil that the Private Securities Litigation Reform Act of 1995 (the "PSLRA") provides that "[e]ach plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification." 15 U.S.C. § 78u-4(a)(2)(A). A review of the competing motion papers indicates that in contrast to the Goldenberg Group's motion papers, neither Steven Rash nor Carl Meisner[1] ("Competing Movants") signed their certifications. Indeed, the certifications have no demarcation that uniquely identifies the Competing Movants as the signatories of each document. Further, there is no indication that either Steven Rash or Carl Meisner actually know each other and there is no evidence that either of the Competing Movants is willing to represent the class alone. Consequently, their application to be appointed lead plaintiff is deficient and they are inadequate representatives.

---

[1] According to Competing Movants' opening brief, Carl Meisner submitted his documentation on behalf of himself and his minor children.

In stark contrast, the Goldenberg Group complied with the PSLRA's mandates, suffered a significant loss in Industrial Enterprises of America, Inc. ("IEAM") stock, and its members are two long-term friends who have come together to represent the interests of the Class and carefully selected both experienced and competent counsel. Thus, they should be found to be the most adequate lead plaintiff.

## COMPETING MOVANTS ARE INADEQUATE CLASS REPRESENTATIVES

### 1. Competing Movants violated the PSLRA

In order to comply with the PSLRA's mandates, a proposed lead plaintiff must submit a certification, "which shall be *personally signed* by such plaintiff." 15 U.S.C. § 78u-4(a)(2)(A) (emphasis added). The PSLRA so mandates to ensure that "certain basic information about the lead plaintiff should be provided at the outset of the litigation." *Chill v. Green Tree Financial Corp.*, 181 F.R.D. 398, 410 (D. Minn. 1998). Clear identification of those submitting certifications and the minimal effort of a signature and submission to counsel assists the court in selecting a candidate that is not the character of an attorney, but is one who actually wants to oversee and control the litigation. The law requires the movant to submit sufficient evidence that informs the court whether the potential lead plaintiff is an adequate representative. *Burke v. Ruttenberg*, 102 F. Supp. 2d 1280, 1320 (N.D. Ala. 2000). Any reading of the statute that does not require a sworn submission would "not only hamstring the effectiveness of the supervising Court, but would trivialize Congress' expressed concern for investing the control over Federal securities class actions in the hands of qualified litigants as opposed to their lawyers." *Chill*, 181 F.R.D. at 410.

The deficient documentation submitted by Competing Movants does not comply with law. There can be no assurance that behind those "certifications" are real persons. Submitted to

2

the Court is the *printout from counsel's computer or web page*. The documents are not personally signed. They do not have identifying information; there are no addresses; there is no information about their origin. On their face, they are no more than a printed page from the Rosen Firm's website that could be generated by any person with access to counsel's web site. An electronic document, such as the one submitted by counsel on behalf of the Competing Movants, is incapable of independent verification of its origin. It also is subject to manipulation after the fact. It cannot be deemed trustworthy or otherwise authenticated. Such a document should not be permitted by the Court, to be introduced as evidence of a Movant's adequacy to be a fiduciary. Without any discussions with counsel about the implications of the submission of a document, any person can access counsel's website and "click a box" in cyberspace. Without more, the motion then makes such a person subject to the jurisdiction of this Court, and if appointed imposes the obligations of a lead plaintiff, which includes fiduciary obligations to the proposed class and the important responsibility to supervise counsel. Surely, "adequacy" requires more and the Court is entitled to greater assurance.

Casting further doubt on the validity of these certifications, *Competing Movants purport to electronically submit this document under the laws of the State of California*. Nevertheless, nothing here bears any relationship to the State of California. The lawsuit was filed in New York. Counsel's office is in New York. Competing Movants seemingly have no contact with California, their addresses and computer locations having been redacted. The known facts indicate that the state of California is irrelevant.

Indeed, to eliminate such uncertainty, the Court has set up strict rules for attorneys to file documents with the Electronic Case Filing ("ECF") system using electronic signatures. In order to file a document through ECF, the person filing cannot be a layperson they must be an attorney

3

who was admitted to the jurisdiction in which they intend to file. Further, this attorney must register for ECF and submit a password before filing the document on the system. Contrastingly, little, if any, precautions were taken here to ensure that the Competing Movants actually were the ones to submit the certifications.

2. **There is No Evidence that Competing Movants Have any Prior Relationship**

Courts are hesitant to select a lead plaintiff that consists of an artificial aggregation of unrelated persons. Here, Competing Movants are protypical examples of strangers, cobbled together by attorneys eager to secure coveted leadership roles in class action litigation. There is no evidence submitted that they have any relationship whatsoever; or that they have agreed to be tied together; or if they have so agreed, would serve independently if the court chooses only one. *See In re Network Assocs., Inc. Sec. Litig.,* 76 F. Supp. 2d 1017 (N.D. Cal. 1999) (aggregated unrelated investors could not serve as group entitled to lead plaintiff status); *Bowman v. Legato Sys., Inc.,* 195 F.R.D. 655 (N.D. Cal. 2000) (court refused to appoint group with no pre-existing relationship); *In re Critical Path, Inc. Sec. Litig.,* 156 F. Supp. 2d 1102, 1111 (N.D. Cal. 2001) ("A group is not a proper group unless its members have a relationship that predates the litigation."); *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.,* 209 F.R.D. 447 (C.D. Cal. 2002) (the court refused to appoint a group of unrelated investors – three institutional investors and four individual investors collectively represented by two law firms); *In re Silicon Storage Tech., Inc. Sec. Litig.,* C.A. No. 05-0295 PJH, 2005 U.S. Dist. LEXIS 45246 (N.D. Cal. May 3, 2005) (groups could not be considered most adequate plaintiffs as the members of each appear to be unrelated to each other in any way other then the fact that they suffered financial losses by virtue of their purchase of stock).

4

Accordingly, the totality of the circumstances indicate that the Competing Movants are inadequate plaintiffs. In contrast, the evidence demonstrates that the Goldenberg Group has complied with the PSLRA, their claims are typical of the absent class members, and they are adequate class representatives.

### THE GOLDENBERG GROUP HAS THE LARGEST FINANCIAL INTEREST IN THE RELIEF SOUGHT AND OTHERWISE SATISFIES RULE 23

The PSLRA provides that a court "shall appoint as lead plaintiffs the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." § 21D(a)(3)(B)(i). This requirement was enacted to ensure that lead plaintiffs have "large holdings at stake whose interests will be most strongly aligned with class members." *Vladimir v. Bioenvision, Inc.*, 07 Civ. 6416, 2007 U.S. Dist. LEXIS 93470, at *10 (S.D.N.Y. 2007). Given that the Competing Movants' certifications are defective, the Goldenberg Group is the sole remaining adequate movant, and the movant that has suffered the largest loss ($47,861.00). This loss is sufficiently substantial to ensure that the Goldenberg Group's interests will be aligned with the absent class members and that the Goldenberg Group will be motivated to advocate on behalf of themselves and the class.

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiffs must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." § 21D(a)(3)(B). Although there are four prerequisites to class certification, only the typicality and adequacy prongs directly address the personal characteristics of the proposed class representative. Consequently, courts limit their inquiry on a motion to appoint lead plaintiffs to these two prongs, and defer examination of the remaining requirements until the plaintiffs move for class certification. *Lax v. First Merchants Acceptance Corp.*, No. 97-2715, 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. Aug. 6, 1997) ; *Fischler v. Amsouth*

*Bancorporation*, 96-1567-CIV-T-17A, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997); *Zaltzman v. Manugistics Group, Inc.*, S-98-1881, 1998 U.S. Dist. LEXIS 22867, at *20 (D. Md. Oct. 8, 1998).

The Goldenberg Group satisfies both the typicality and adequacy requirements of Rule 23. Generally, the typicality requirement is satisfied if the claims or defenses of the representative parties are typical of the claims or defenses of the class. *See In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed*, 506 U.S. 1088 (1993); *In re Kirschner Med. Corp. Sec. Litig.*, 139 F.R.D. 74, 78-79 (D. Md. 1991). The Goldenberg Group satisfies this requirement because, like all other class members, its members: (1) purchased IEAM's common stock during the Class Period; (2) at prices alleged artificially inflated by the false and misleading statements issued by defendants or by defendants' failure to disclose material information; and (3) suffered damages thereby.

A potential lead plaintiff is an adequate representative of the class if there are no conflicts between the interests of the proposed lead plaintiff and the members of the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). As evidenced by the substantial injuries suffered by the Goldenberg Group and the declaration of Ron Goldenberg, its interests are clearly aligned with the members of the Class, and there is no evidence of any antagonism between the interests of the Goldenberg Group and the Class.

Further, the Goldenberg Group's interests are clearly aligned with those of each other and the class. As demonstrated by the Mr. Ron Goldenberg's declaration, he and Mr. Haeussler have been friends for several years. They spoke to each other subsequent to the decline in the Company's stock and decided together to call counsel. In this way, they have already taken

meaningful steps to steward this litigation. Moreover, they agreed to work together for the benefit of the class.[2]

The Goldenberg Group is the ideal lead plaintiff under the PSLRA because a "lead plaintiff" in securities fraud class actions must be an individual or close-knit group of people. *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1153-54 (N.D. Cal. 1999) ("a small number of members that share such an identity of characteristics, distinct from those of almost all other class members, that they can almost be seen as being the same person."). Indeed, appointing two close friends as lead plaintiff furthers Congress' desire to centralize control of the litigation in the hands of stockholders, not attorneys. Importantly, members of an unrelated group, assembled by counsel to serve as lead plaintiffs, results in attorneys selecting clients rather then clients selecting attorneys. The result of this is that the class is not well represented and there is potentially a conflict between the interests of the class and those of counsel. *See Bowman,* 195 F.R.D. at 658 ("It appears that members of the Legato Group were hand-picked by the Milberg firm for the sole purpose of obtaining lead plaintiff status, thus conferring lead plaintiff's counsel status on the Milberg firm."); *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. at 452 ("The record in this case suggests that Georgica Group was created in an effort to have its members designated as lead plaintiffs and, more important, its counsel designated as class counsel.").

The Goldenberg Group has carefully selected law firms to represent it and the Class, as permitted by the PSLRA. Counsel are highly experienced in prosecuting securities class actions

---

[2] *See* Declaration of Ron Goldenberg dated February 4, 2008.

such as this one. Both Wolf Haldenstein Adler Freeman & Herz LLP and Donovan Searles, LLC have extensive experience in this area of law. They are responsible for some of the largest results in the class action field. They have considerable resources to devote to this case. Therefore, the Goldenberg Group is an adequate class representative.

## CONCLUSION

For the foregoing reasons, the Goldenberg Group requests that the Court: (i) appoint the Goldenberg Group as Lead Plaintiff in the Action; and (ii) approve their selection of Wolf Haldenstein Adler Freeman & Herz LLP and Donovan Searles, LLC as Co-Lead Counsel for the Class.

Dated: February 4, 2008

       Respectfully submitted,

       **WOLF HALDENSTEIN ADLER**
       **FREEMAN & HERZ LLP**

       By: /s/ Gregory M. Nespole
       Gregory M. Nespole (GN-6820)
       Fred Taylor Isquith (FI-6782)
       Mark Rifkin (MR-0904)
       Rachel S. Poplock (RP-3782)
       270 Madison Avenue
       New York, New York 10016
       Telephone: (212) 545-4600
       Facsimile: (212) 545-4653

       **DONOVAN SEARLES, LLC**
       Michael D. Donovan
       1845 Walnut Street, Suite 1100
       Philadelphia, PA 19103
       Telephone: (215) 732-6067

       **Proposed Co-Lead Counsel**

499968v4

UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNMARIE MALLOZZI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>INDUSTRIAL ENTERPRISES OF AMERICA, INC.; JOHN MAZZUTO; JORGE YEPES; DENNIS O'NEILL; and JAMES MARGULIES,<br>　　　　　　　　Defendants. | C.A. No: 07-10321<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

### DELARATION OF RON GOLDENBERG

I, Ron Goldenberg, declare as follows:

1.　I am one of the movants for lead Plaintiff status in the above-referenced litigation.

2.　I submit this Declaration to describe the relationship between myself and co-movant Carl F. Haeussler, Jr.

3.　Mr. Haeussler and I have been friends for several years. We invested in Industrial Enterprises ("IEAM") at about the same time, but separately and in separate accounts and amounts.

4.　When the IEAM stock declined, both Carl and I discussed our options and we jointly called a lawyer, Michael D. Donovan, for his advice.

5.　Carl and I have pursued this motion jointly and have agreed to proceed together in this case.

6.　Given our joint interest in the case and our pre-existing friendship, I believe Carl and I should be considered together for purposes of the lead plaintiff motion.

I declare under penalty and perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this 4th day
of February, 2008
in Philadelphia, PA

_____
Ron Goldenberg

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANNMARIE MALLOZZI, INDIVIDUALLY )
AND ON BEHALF OF ALL OTHERS )
SIMILARLY SITUATED, )
) C.A. No: 07-10321
                Plaintiff, )
)
     v. )
) CLASS ACTION
INDUSTRIAL ENTERPRISES OF )
AMERICA, INC.; JOHN MAZZUTO; )
JORGE YEPES; DENNIS O'NEILL; ) JURY TRIAL DEMANDED
and JAMES MARGULIES, )
)
                Defendants. )

---

## DECLARATION OF SERVICE

Rachel S. Poplock, Esq., an attorney admitted to practice law before the courts of the State of New York, hereby declares that on February 4, 2008, I caused to be served (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel, the following documents:

    1.    Memorandum of Law by the Goldenberg Group in Opposition to the Competing Motion and in Further Support of its Motion for Appointment as Lead Plaintiff and for Approval of its Selection of Co-Lead Counsel; and,

    2.    Declaration of Ron Goldenberg.

Dated: February 4, 2008

                                                                                            */s/ Rachel S. Poplock*
                                                                                              Rachel S. Poplock

498612