**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| ANNMARIE MALLOZZI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) |
| Plaintiff, | ) C.A. No: 07-10321 ) |
| v. | ) ) |
| INDUSTRIAL ENTERPRISES OF AMERICA, INC.; JOHN MAZZUTO; JORGE YEPES; DENNIS O'NEILL; and JAMES MARGULIES, | ) CLASS ACTION ) ) JURY TRIAL DEMANDED ) ) |
| Defendants. | ) ) |

---

**REPLY MEMORANDUM IN FURTHER SUPPORT OF THE GOLDENBERG GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF ITS SELECTION OF CO-LEAD COUNSEL**

## INTRODUCTION

The Goldenberg Group, consisting of Ron Goldenberg and Carl Haeussler, submits this reply memorandum of law in further support of its motion for: (i) appointment as Lead Plaintiff, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (ii) approval of Lead Plaintiff's selection of Lead Counsel.

The Goldenberg Group suffered the greatest loss of any movant and otherwise satisfies the adequacy requirements provided for by the PSLRA. Indeed, the Goldenberg Group purchased Industrial Enterprises of America, Inc. ("IEAM") common stock and suffered a substantial financial loss. Moreover, it amply demonstrated that it is an adequate class representative and will work together to advocate on behalf of itself and the class. In stark contrast, Carl Meisner and Steven Rash's (collectively, the "Competing Movants") application is deficient on its face because it does not contain a signed certification or other evidence that satisfies the PSLRA. Given this, the court must reject the Competing Movants' application and grant the relief sought by the Goldenberg Group.

## THE GOLDENBERG GROUP HAS THE LARGEST FINANCIAL INTEREST IN THE RELIEF SOUGHT AND OTHERWISE SATISFIES RULE 23

The Goldenberg Group is the plaintiff with the largest financial interest in the relief sought, and is otherwise an adequate class representative. As demonstrated in its opposition memorandum filed on February 4, 2008 (the "Opp. Mem."), the Competing Movants' defective certifications do not offer sufficient proof of their losses to support their motion to act as lead plaintiff. Because the Competing Movants certifications are defective, and they have not submitted any additional proof documenting their losses, the Goldenberg Group is the presumptive lead plaintiff.

The Goldenberg Group suffered significant losses in IEAM stock, ensuring that the Goldenberg Group's interests will be aligned with the absent class members and that the Goldenberg Group will be motivated to advocate on behalf of itself and the class.

In addition to having the greatest quantifiable loss in IEAM stock, the PSLRA requires that a lead plaintiff satisfies the typicality and adequacy requirements of Rule 23. § 21D(a)(3)(B). The Goldenberg Group satisfies both of these requirements; indeed, the Competing Movants do not even challenge this point in any of their submissions. Accordingly, the Competing Movants concede the Goldenberg Group's adequacy and typicality.

The typicality requirement is satisfied if the claims or defenses of the representative parties are typical of the claims or defenses of the class. *See In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992), *cert. dismissed*, 506 U.S. 1088 (1993); *In re Kirschner Med. Corp. Sec. Litig.*, 139 F.R.D. 74, 78-79 (D. Md. 1991). The Goldenberg Group satisfies this requirement because, like all other class members, its members: (1) purchased IEAM's common stock during the Class Period; (2) at prices alleged artificially inflated by the false and misleading statements issued by defendants or by defendants' failure to disclose material information; and (3) suffered damages thereby.

If there are no conflicts between the interests of the proposed lead plaintiff and the members of the class, a potential lead plaintiff is considered to be an adequate representative of the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Goldenberg Group suffered substantial losses in IEAM stock, aligning its interests with the members of the class. Further, there is no evidence of any antagonism between the interests of the Goldenberg Group and the Class. Mr. Goldenberg and Mr. Haeussler, who have been friends for several years, are the type of investors

Congress contemplated when it enacted the PSLRA. *See, e.g. Bowman v. Legato Sys., Inc.,* 195 F.R.D. 655 (N.D. Cal. 2000) (court refused to appoint group with no pre-existing relationship).

## COMPETING MOVANTS ARE INADEQUATE CLASS REPRESENTATIVES

### 1. Competing Movants Have not Submitted Sufficient Proof That They Have the Largest Losses

Competing Movants claim that they have the largest losses in IEAM stock and as such are the presumptive lead plaintiff. This self-serving statement, however, is not supported by the facts. They have submitted nothing that can stand up to scrutiny that demonstrates they actually have the largest loss. The PSLRA requires that a certification must be "personally signed by such plaintiff." 15 U.S.C. § 78u-4(a)(2)(A). The language of the statute is explicit – a certification must be signed. This requirement was enacted to ensure that "certain basic information about the lead plaintiff should be provided at the outset of the litigation." *Chill v. Green Tree Financial Corp.*, 181 F.R.D. 398, 410 (D. Minn. 1998). Nevertheless, the submission, allegedly put forth by the Competing Movants, fails to comply with this requirement because there is no evidence that Competing Movants, not just counsel, actually submitted the documentation. The two alleged certifications, both printouts from counsel's webpage, only contain a purported electronic signature with no other identifying information. These documents provide no address or other information sufficient to identify the documents' origins. Consequently, there is no method of guaranteeing that Competing Movants actually intended to move for lead plaintiff status or even know that they are movants at this time.

A lead plaintiff has fiduciary responsibilities to a class, and one should not be permitted to undertake this burden simply by clicking a box on a webpage. The court should not allow such a document, with no guarantees of its authenticity, that it was not manipulated after-the-fact, or that the Competing Movants actually discussed the responsibilities associated with its

3

decision to move for lead plaintiff with counsel, to support Competing Movants' motion for lead plaintiff.

Moreover, although there is no evidence of any connection with the State of California, this document is purportedly submitted under its laws. This litigation was filed in New York, counsel's offices are in New York and the purported certifications provide no evidence of where they were signed. All known facts indicate that the State of California is irrelevant and has no nexus to these movants or counsel. This ambiguity is yet another reason to deny Competing Movants' motion.

### 2.   **There is No Evidence that Competing Movants Have any Prior Relationship**

Competing Movants consist of two individual plaintiffs, with no evidence of any prior relationship. This type of artificial aggregation of unrelated persons is typically considered unfavorable by the courts. There is no evidence that these independent parties have any relationship whatsoever; that they agreed to jointly move for lead plaintiff, or that either would serve independently if the court chooses only one. *See In re Network Assocs., Inc. Sec. Litig.,* 76 F. Supp. 2d 1017 (N.D. Cal. 1999) (aggregated unrelated investors could not serve as group entitled to lead plaintiff status); *Bowman v. Legato Sys., Inc.,* 195 F.R.D. 655 (N.D. Cal. 2000) (court refused to appoint group with no pre-existing relationship).

In stark contrast, the Goldenberg Group's members are two long-term friends. Their relationship extends back over several years. Mr. Ron Goldenberg attested to this relationship via his February 4, 2008 affidavit, attached to the Opp. Mem. This affidavit also stated that the Goldenberg Group discussed their losses in IEAM common stock among its members, and jointly decided to contact counsel. The Goldenberg Group's interest in pursuing litigation did

4

not stem from attorney solicitation. By comparison, the Competing Movants did not provide any information about how they chose their "selected" counsel.

Accordingly, the known facts indicate that the Competing Movants are inadequate lead plaintiffs. In contrast, the evidence demonstrates that the Goldenberg Group has complied with the PSLRA, its claims are typical of the absent class members, and it is an adequate class representatives.

## CONCLUSION

For the foregoing reasons, the Goldenberg Group requests that the Court: (i) appoint the Goldenberg Group as Lead Plaintiff in the Action; and (ii) approve its selection of Wolf Haldenstein Adler Freeman & Herz LLP and Donovan Searles, LLC as Co-Lead Counsel for the Class.

Dated: February 11, 2008

Respectfully submitted,

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By: ____/s/ Gregory M. Nespole_____
Gregory M. Nespole (GN-6820)
Fred Taylor Isquith (FI-6782)
Mark Rifkin (MR-0904)
Rachel S. Poplock (RP-3782)
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653

**DONOVAN SEARLES, LLC**
Michael D. Donovan
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Telephone: (215) 732-6067

**Proposed Co-Lead Counsel**

500996

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNMARIE MALLOZZI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>  Plaintiff,<br><br>  v.<br><br>INDUSTRIAL ENTERPRISES OF AMERICA, INC.; JOHN MAZZUTO; JORGE YEPES; DENNIS O'NEILL; and JAMES MARGULIES,<br><br>  Defendants. | C.A. No: 07-10321<br><br>CLASS ACTION<br><br><u>JURY TRIAL DEMANDED</u> |

## DECLARATION OF SERVICE

Rachel S. Poplock, Esq., an attorney admitted to practice law before the courts of the State of New York, hereby declares that on February 11, 2008, I caused to be served (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel, the Reply Memorandum in Further Support of the Goldenberg Group's Motion for Appointment as Lead Plaintiff and for Approval of its Selection of Co-Lead Counsel.

Dated: February 11, 2008

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Rachel S. Poplock
　　　　　　　　　　　　　　　　　　　　　　　　Rachel S. Poplock

501193