John F. Cambria (JC-4098)
Tiffany A. Buxton (TB-1002)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016-1387
Telephone: 212-210-9400

Theodore J. Sawicki
Robert R. Long
Kerry K. Vatzakas
(*all to be admitted pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: 404-881-7000

*Attorneys for Defendant / Movant*
INDUSTRIAL ENTERPRISES OF AMERICA, INC.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANNMARIE MALLOZZI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>               Plaintiff,<br><br>vs.<br><br>INDUSTRIAL ENTERPRISES OF AMERICA, INC., JOHN MAZZUTO, JORGE YEPES, DENNIS O'NEILL, and JAMES MARGULIES,<br><br>               Defendants. | 1:07-cv-10321 (GBD)<br><br>ECF CASE<br><br><br><br>**JURY TRIAL DEMANDED** |

**MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT**
**AS TO DEFENDANT INDUSTRIAL ENTERPRISES OF AMERICA, INC. AND**
**MOTION TO EXTEND TIME TO FILE A RESPONSIVE PLEADING**

Defendant Industrial Enterprises of America, Inc. ("IEAM") respectfully moves this

Court to set aside the Notice of Clerk's Certificate of Default as to IEAM. As shown below,

IEAM was not properly served prior to the entry of default, and, thus, this Court never obtained

personal jurisdiction over IEAM. For this reason, the entry of default as to IEAM is void. Further, IEAM can show good cause why the entry of default should be set aside.

## BACKGROUND

Plaintiff Annmarie Mallozzi ("Plaintiff Mallozzi" or "Mallozzi") filed the Complaint in this action on November 14, 2007. On November 20, 2007, Plaintiff Mallozzi filed an executed summons indicating that IEAM had been served by leaving a copy of the complaint with a receptionist who <u>was not even an IEAM employee</u>, but rather was a receptionist named Jaclyn Flores, who was employed by the law firm from which IEAM rented office space. (*See* Declaration of James W. Margulies ("Margulies Decl."), ¶ 10.) On December 5, 2007, the Clerk entered notice of a Certificate of Default as to IEAM ("Entry of Default"). On February 21, 2008, a Stipulation Appointing Lead Plaintiffs and Approving Selection of Co-Lead Counsel was submitted to and endorsed by the Court, appointing Plaintiffs Carl Meisner and the Goldenberg Group lead plaintiffs in this action. Nothing has been filed in this matter since then.

IEAM was without legal representation in this matter until May 9, 2008, when IEAM engaged Alston & Bird LLP. IEAM has had a difficult and extended liquidity crisis. (*See* Margulies Decl., ¶¶ 4-7.) Consequently, the Company did not have the funds necessary to retain class action defense counsel to enter an appearance in the Class Action, despite repeated efforts to make arrangements for same. (*See id.*, ¶ 4.)

On May 9, 2008, the same day Alston & Bird LLP was hired as counsel for IEAM, Alston & Bird contacted Plaintiffs' counsel to request that Plaintiffs' counsel agree to the removal of the entry of default from the docket and that Defendants be permitted to file responsive pleadings to the anticipated consolidated amended class action complaint yet to be

filed following the appointment of lead plaintiffs and to defend this action. Plaintiffs' counsel did not agree to this request.

## ARGUMENT

Default is an extreme sanction that should be used only as a last resort by the courts. *See Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981). Indeed, that is the very reason that motions to set aside defaults are decided under a lenient, good cause standard, under which all doubts must be resolved in favor of the defaulting party. *See id*. Thus, the Court should err on the side of vacating the entry of default in this action. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) ("[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party. . . . ['G]ood cause' . . . should be construed generously."); *see also Leab v. Streit*, 584 F. Supp. 748, 754 (S.D.N.Y. 1984) (motions to set aside defaults should be granted liberally).

As an initial matter, IEAM was not properly served, and, thus, the Court never obtained personal jurisdiction over IEAM. For this reason, the Entry of Default is void. Further, IEAM can show good cause why the Entry of Default should be set aside. First, IEAM's default was not willful because IEAM had a good faith belief that it had not been properly served. Further, IEAM was not represented by counsel until May 9, 2008 because of a liquidity crisis. IEAM nevertheless made diligent efforts to retain counsel since the filing of the Complaint. Second, Plaintiffs will not be prejudiced by setting aside the Entry of Default because the action has not progressed beyond the very early stages of litigation. Third, IEAM has presented meritorious defenses. Lack of jurisdiction over IEAM is a meritorious defense as to IEAM. In addition, IEAM has the defense that the newly appointed Lead Plaintiffs have not even filed a

consolidated amended class action complaint, despite the fact that the currently operative Complaint was filed by an IEAM shareholder <u>not</u> appointed as Lead Plaintiff. Finally, the original Complaint filed in this case is subject to the defense that it inadequately pleads securities fraud under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 because its allegations do not meet the heightened pleading requirements of the Private Securities Litigation Reform Act (the "Reform Act").[1]

Accordingly, the Entry of Default should be set aside.

## I.    IEAM Was Not Properly Served, and, Thus, the IEAM Entry of Default is Void.

Where a defendant is not properly served, the court lacks jurisdiction over that defendant, and the entry of default is rendered void. *See O'Callaghan v. Sifre*, 242 F.R.D. 69, 72-73 (S.D.N.Y. 2007) ("A default judgment may not be granted . . . if the defendant has not been effectively served with process."); *Gray v. Permanent Mission of the People's Republic of the Congo to the United Nations*, 443 F. Supp. 816, 821-22 (S.D.N.Y. 1978) (holding that failure to comply with requirements for service of process rendered default judgment void for lack of personal jurisdiction over the defendant); *see also Leab v. Streit*, 584 F. Supp. 748, 760 (S.D.N.Y. 1984) (judgment rendered without in personam jurisdiction is void); *Kearney v. New York State Legislature*, 103 F.R.D. 625, 629 (E.D.N.Y. 1984) (default judgment improper where the summons and complaint were not properly served). Indeed, "an entry of default must be vacated if it is found to be unsupported by jurisdiction." *Lichtenstein v. Jewelart, Inc.*, 95 F.R.D. 511, 513 (E.D.N.Y. 1982). For a court to have proper jurisdiction over the defendant, service of process must be effective. *See Kearney*, 103 F.R.D. at 628. IEAM was not properly served pursuant to the Federal Rules of Civil Procedure prior to the Entry of Default, and, thus, the IEAM Entry of Default is void for want of jurisdiction over IEAM.

---

[1] *See* 15 U.S.C. § 78u-4.

ADMIN/20221490v1

Because this action is in federal court, the Federal Rules of Civil Procedure apply. The Federal Rules of Civil Procedure provide that a corporation may be served by delivering a copy of the summons and complaint to one of the following: (1) an officer of the company, (2) a managing or general agent of the company, or (3) any other agent authorized by appointment or by law (such as the secretary of state or registered agent of the company) to accept service on behalf of the company. Fed. R. Civ. P. 4(h)(1)(B). In addition, a corporation may be served pursuant to Federal Rule of Civil Procedure 4(e)(1), which states that service may be made in accordance with the laws of the state in which the district court resides or where service is made – in this case, New York. *See* Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). Thus, Plaintiffs could have served IEAM by complying with Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure or by effectuating service under New York law.

Plaintiffs attempted to serve IEAM by leaving a copy of the summons and complaint with the receptionist for the law firm from which IEAM rented office spaces. (*See* Margulies Decl., ¶ 10.) This receptionist was not an IEAM employee, much less an officer, director, managing or general agent, or other agent authorized by appointment or by law to accept service. *See* Margulies Decl., ¶ 10 & Fed. R. Civ. P. 4(h)(1)(B). Thus, unless service upon a receptionist, who is not an employee of the company, is effective service under New York law, Plaintiffs failed to properly serve IEAM.

Under New York law, a corporation may be served by leaving a copy of the summons with one of the following: (1) an officer of the company, (2) a director of the company, (3) a managing or general agent of the company, (4) a cashier or assistant cashier of the company, or (5) any other agent authorized by appointment or law to receive service on behalf of the company. *See* McKinney's C.P.L.R. § 311. Service upon a corporation may also be effectuated

- 5 -

under New York law by serving the secretary of state, the registered agent, or by first class mail to the company. *See* McKinney's Bus. Corp. Law § 306, 307; McKinney's C.P.L.R. § 312-a. Delivery to an unauthorized person who later hands the process to a qualified representative is ineffective. *See, e.g., Macchia v. Russo*, 505 N.Y.S.2d 591, 594 (N.Y. 1986). Again, the receptionist was not an IEAM employee, officer, director, managing or general agent,[2] cashier or assistant cashier, or any other agent authorized by appointment or law to receive service. Thus, Plaintiffs' attempt to serve IEAM by leaving a copy of the summons and complaint with the non-IEAM receptionist was not effective service.

Further, although "leave and mail" service may be a proper way to serve individuals under New York law, "leave and mail" service on a defendant officer is not sufficient to confer jurisdiction over the corporate defendant. *See Lakeside Concrete Corp. v. Pine Hollow Bldg. Corp.*, 479 N.Y.S.2d 256, 256 (N.Y. App. Div. 1984), *aff'd* 65 N.Y.2d 865 (1985); *see also Perez v. Garcia*, 801 N.Y.S.2d 780, 2005 WL 1397438, at *2 (N.Y. Sup. Ct. May 23, 2005). Thus, "leave and mail" service on any of the individual defendants in this action, whether proper or not as to the individual, is not proper service on IEAM.

Moreover, even if IEAM had notice of the lawsuit, it still would not cure the fact that IEAM was not properly served. Even actual notice does not make ineffective service proper. *See Leab v. Streit*, 584 F. Supp. 748, 760 (S.D.N.Y. 1984); *see also Buggs v. Ehrnschwender*, 968 F.2d 1544, 1548 (2d Cir. 1992) (statutory procedures for service of process must be strictly followed).

---

[2] According to the comments to McKinney's C.P.L.R. § 311, a managing or general agent is one who is empowered with supervisory authority and possesses judgment and discretion to take action on behalf of the corporation. Low-level employees who serve as receptionists or clerks are not managing agents. *See, e.g., Arce v. Sybron Corp.*, 441 N.Y.S.2d 498 (1981).

- 6 -

Plaintiffs did not properly serve IEAM in accordance with the Federal Rules of Civil Procedure or New York law. Thus, the Court never obtained jurisdiction over IEAM, and the IEAM Entry of Default is void.

## II.    **The Entry of Default Should Be Set Aside for Good Cause.**

Because this Court does not have jurisdiction over IEAM, the Court does not need to determine whether IEAM has met the three factors for setting aside an entry of default. *See Kearney v. New York State Legislature*, 103 F.R.D. 625, 629 (E.D.N.Y. 1984). However, should the Court find that IEAM was properly served, the Court should still set aside the Entry of Default for good cause.

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, "[t]he court may set aside an <u>entry</u> of default for good cause, and it may set aside a default <u>judgment</u> under Rule 60(b)." Fed. R. Civ. P. 55(c) (emphasis added). Because this case involves an <u>entry</u> of default, rather than a <u>judgment</u> of default, the "good cause" standard applies. *See Meehan v. Snow*, 652 F.2d 274, 276-77 (2d Cir. 1981). The standard for setting aside an entry of default for good cause is lenient – less rigorous than the "excusable neglect" standard for setting aside a judgment of default under Rule 60(b). *See id.*

In determining whether there is good cause to set aside an entry of default, courts consider the following factors: (1) whether the default was willful, (2) whether setting aside the entry of default would prejudice the plaintiff, and (3) whether a meritorious defense is presented. *See id.* at 277. "Defaults are not favored, particularly when the case presents issues of fact, and doubts are to be resolved in favor of a trial on the merits." *Id.* Because default is an "extreme sanction," it "must remain a weapon of last, rather than first, resort." *Id.*

**A.    IEAM's Default Was Not Willful.**

IEAM's default was not willful because it had a good faith belief it was not served with process.    Courts have recognized that a good faith belief that one has not been served with process is sufficient to show that a defendant's failure to plead was not willful.    *See Kearney v. New York State Legislature*, 103 F.R.D. 625, 629 (E.D.N.Y. 1984); *see also Citadel Management, Inc. v. Telesis Trust, Inc.*, 123 F. Supp. 2d 133, 143 (S.D.N.Y. 2000) (default judgment not warranted where, despite dispute over whether purported defendant was properly served, purported defendants requested leave to file answer and attached proposed answer as exhibit to affidavit in opposition to default, indicating desire to contest suit).    Thus, IEAM's failure to plead was not willful.

Further, IEAM was not able to engage outside counsel to enter an appearance in the action until May 9, 2008 – one business day before IEAM filed the present motion and memorandum of law in support of setting aside the Entry of Default.    A corporation cannot appear in an action *pro se* but, rather, must appear only through counsel.    *See Pecarsky v. Galaxiworld.com Limited*, 249 F.3d 167, 172 (2d Cir. 2001).    Thus, IEAM could not have appeared in this matter until May 9, 2008.

The reason for IEAM's lack of counsel is simple: IEAM has had a difficult and extended liquidity crisis and did not have the funds to retain the specialized class action securities litigation defense counsel  that was necessary to enter an appearance in the Class Action. (*See* Margulies Decl., ¶ 4.)    IEAM had made repeated efforts to make arrangements to hire such counsel, but had been unable to secure appropriate representation. (*See id.*)

Moreover, as soon as IEAM was able to retain counsel, counsel filed the instant motion seeking to set aside the entry of default and seeking permission to file a responsive pleading.

- 8 -

Such quickness to act does not evidence an intent to willfully avoid defending an action. Rather, such action evidences a desire to contest and defend the suit. *See Citadel Management, Inc.*, 123 F. Supp. 2d at 143.

**B.     Setting Aside the Entry of Default Would Not Prejudice Plaintiffs.**

Setting aside the entry of default would not prejudice Plaintiffs because the case is still in the very early stages of litigation. None of the named defendants have filed answers or responsive pleadings, the case has not progressed into discovery, and Lead Plaintiffs were not chosen until February 21, 2008. Nothing has been filed in the action since the filing of the Court's February 21 Order appointing Lead Plaintiffs. Plaintiffs would be hard-pressed to argue that actually prosecuting the action would prejudice them. Further, delay alone is not sufficient to establish prejudice. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993).

Moreover, the Reform Act is designed to establish an orderly process in a securities fraud action and to give defendants a threshold and comprehensive opportunity to test the sufficiency of the Complaint's allegations against the heightened pleading standards imposed by the Reform Act. For example, the Reform Act sets forth detailed procedures for appointing lead plaintiff and lead counsel to represent the class and sets forth specific requirements and heightened standards for adequately pleading a securities fraud action, and staying all discovery until a motion to dismiss the complaint has been fully briefed and decided. *See* 15 U.S.C. § 78u-4. Given that so little has happened in this case, an entry of default should not be elevated over the substantive requirements of the Reform Act, permitting Plaintiffs' Complaint to go unchallenged – particularly when defaults are to be used only as mechanisms of last resort.

**C.**    **Defendants Have Presented Meritorious Defenses.**

A defense is meritorious if it is good at law so as to give the fact finder some determination to make. *See American Alliance Insurance Co. v. Eagle Insurance Co.*, 92 F.3d 57, 61 (2d Cir. 1996). As an initial matter, the Court's lack of jurisdiction over IEAM constitutes a meritorious defense for IEAM. *See Leab*, 584 F. Supp. at 761 (where no jurisdiction is present, the jurisdictional defect is the meritorious defense). Further, IEAM has the defense that the complaint upon which the default is entered has been nullified because it has been supplanted by the Court's February 21, 2008 Order appointing as Lead Plaintiffs an entirely different set of Plaintiffs than were named in the original Complaint.

Even if the original Complaint had not been nullified by the Court's February 21, 2008 Order,[3] IEAM has a strong defense that the Complaint should be dismissed as a matter of law.[4] As will be discussed in Section III, *infra*, IEAM welcomes an opportunity to fully brief this defense and proposes a due date for filing a motion, answer, and/or other responsive pleading to the original Complaint of **June 13, 2008**, or 45 days after the filing of a consolidated amended class action complaint, whichever is later.

As a general overview, the Complaint cannot go forward because it utterly fails to demonstrate, as it must, that this securities fraud class action can survive a motion to dismiss under the stringent pleading requirements of the Private Securities Litigation Reform Act of 1995 (the "Reform Act").[5] *See, e.g., Lentell v. Merrill Lunch & Co., Inc.*, 396 F.3d 161 (2d Cir. 2005) (dismissing claims for failure to meet heightened pleading requirement); *City of Brockton Retirement System v. Shaw Group, Inc.*, 540 F. Supp. 2d 464 (S.D.N.Y. 2008) (same).

---

[3] IEAM, for ease of reference, discusses the original complaint filed in this case as the "Complaint" even though it has been nullified by the Court's February 21, 2008.

[4] *See* 15 U.S.C. § 78u-4.

[5] *See* 15 U.S.C. § 78u-4.

ADMIN/20221490v1

The Reform Act was prompted by a pattern Congress found disturbing -- *viz.*, when a public company announces disappointing news, its stock price is likely to fall and a lawsuit inevitably follows, notwithstanding whether there is any evidence of fraud.[6]  The Reform Act reflects Congress's conclusion that such lawsuits are harmful to the economy because they "unnecessarily increase the cost of raising capital and chill corporate disclosure, [and] are often based on nothing more than a company's announcement of bad news . . . ."[7]

To make the Reform Act effective, Congress encouraged early dismissal of deficient securities complaints by "establish[ing] uniform and stringent pleading requirement[s] to curtail the filing of abusive lawsuits."[8]  Thus, the Reform Act requires courts to dismiss deficient claims.  *See, e.g., Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 128 S. Ct. 761 (2008) (dismissing deficient claims); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499 (2007) (same); *Lentell*, 396 F.3d 161 (same); *City of Brockton*, 540 F. Supp. 2d 464 (same).

To state a claim under Section 10(b), a plaintiff must plead an actionable misrepresentation or omission of material fact.  *See Garber v. Legg Mason, Inc.*, 537 F. Supp. 2d 597, 614 (S.D.N.Y. 2008).  Further, the Reform Act mandates that a plaintiff must "specify each statement alleged to have been misleading" and the "reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1).   In general, plaintiffs must plead what a defendant knew, and when they knew it; the "who, what, when, where and how" of the alleged fraud.  *Garber*, 537 F. Supp. 2d at 614.  If a plaintiff fails to satisfy any of these requirements, dismissal is

---

[6] This is not to suggest that such situations never involve fraud.  The Reform Act, however, requires that a plaintiff alleging a securities fraud claim possess knowledge of sufficient facts to create a "strong inference" of fraud **before** filing suit.  *See* 15 U.S.C. § 78u-4(b)(2); *see also* H.R. Conf. Rep. No. 104-369, at 41 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 740.

[7] S. Rep. No. 104-98, at 4 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 683.

[8] S. Rep. No. 104-98, at 15 (1995), *reprinted in* 1995 U.S.C.C.A.N. at 694.

ADMIN/20221490v1

mandatory. 15 U.S.C. § 78u-4(b)(3)(A); *see also City of Brockton*, 540 F. Supp. 2d 464 (same);

*Garber*, 537 F. Supp. at 618.

IEAM has various defenses under the Reform Act (among other defenses). The

Complaint upon which the default is based simply cannot survive the Reform Act's stringent

standards. The following represent just a few examples of the Complaint's conclusory

allegations that do not to meet the rigorous pleading requirements set forth under the federal

securities laws. Plaintiffs generally allege the following:

- "[E]ach of the Individual Defendants, as senior executive officers, agents, and/or directors of IEAM and its subsidiaries and affiliates, was privy to non-public information concerning the Company's business, finances, products, markets, and present and future business prospects, via access to internal corporate documents, conversations and connections with corporate officers and employees, attendance at management and Board of Directors meetings and committees thereof, and via reports and other information provided to them in connection therewith. Because of their possession of such information, the Individual Defendants knew or recklessly disregarded that the adverse facts specified herein had not been disclosed to, and were being concealed from, the investing public." Complaint ("Compl."), ¶ 13.

- "Said Defendants were involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein, were aware, or recklessly disregarded, that the false and misleading statements regarding the Company were being issues, and approved or ratified these statements in violation of the federal securities laws." Compl., ¶ 15.

- "Because of their Board membership and/or executive and managerial positions with IEAM, each of the Individual Defendants had access to the adverse undisclosed information about IEAM's financial condition and performance as particularized herein and knew (or recklessly disregarded) that these adverse facts rendered the positive representations made by or about IEAM and its business, and issued or adopted by the Company, materially false and misleading." Compl., ¶ 17.

- "The Individual Defendants, because of their positions of control and authority as officers, directors, agents, and/or controlling persons of the Company, were able to and did control the content of the various SEC filings, press releases and other public statements pertaining to the Company during the Class Period." Compl., ¶ 18.

Although the Complaint makes vague and generalized allegations that Defendants' positions with the company are somehow sufficient to show involvement in the allegedly wrongful conduct and fraudulent intent, the Complaint fails to set forth facts to support these conclusions. In the allegations quoted above, the Complaint fails to allege what defendants knew about the allegedly false and misleading statements, when they knew it, and why the allegedly false statements were false and/or material. *See Garber*, 537 F. Supp. 2d at 614. Further, reliance upon a person's position or signature on an allegedly false SEC filing is not sufficient to plead scienter. *See In re Openwave Sys. Sec. Lit,* 528 F. Supp. 2d 236, 252 (S.D.N.Y. 2007). Rather, Plaintiffs must provide more than generalized pleadings regarding the defendants to state a claim under Section 10(b). *See ATSI Commc'ns, Inc.*, 493 F.3d at 99.

Finally, because the Complaint fails to state a claim for a primary violation under Section 10(b), the Complaint's Section 20(a) claims for control person liability necessarily fail. In order to state a claim under Section 20(a), the Complaint must adequately state a claim for a primary violation of the federal securities laws. *See* 15 U.S.C. § 78t(a); *see also In re Elan Corp. Sec. Litig.*, --- F. Supp. 2d ----, 2008 WL 839744, at *13 (S.D.N.Y. Mar. 27, 2008). Thus, because the Complaint fails to state a viable claim under Section 10(b), the Section 20(a) claim also fails as a matter of law.

## III.    Request to File Responsive Pleading.

IEAM requests that the Court grant leave under Rule 6(b) for IEAM to file a motion, answer, and/or other responsive pleading to the original Complaint on or before **June 13, 2008**, or 45 days after a consolidated amended class action complaint is filed, whichever is later. IEAM has demonstrated excusable neglect for the reasons set forth above detailing why the default should be set aside. *See, e.g., Losacco v. City of Middletown*, 71 F.3d 88, 91 (2d Cir.

- 13 -

1995).  Granting this enlargement of time under Rule 6(b) will afford IEAM time to submit a

comprehensive defense regarding the claims in this case.

## **CONCLUSION**

For all of the foregoing reasons, IEAM respectfully requests that the Court grant their

motion to set aside entry of default and motion to extend time to file a responsive pleading and

for any and all further relief the Court deems just and proper.


Dated: New York, New York
     May 12, 2008

ALSTON & BIRD LLP

John F. Cambria (JC-4098)
Tiffany A. Buxton (TB-1002)
90 Park Avenue
New York, NY 10016-1387
Telephone: 212-210-9400

Theodore J. Sawicki
Robert R. Long
Kerry K. Vatzakas
(*all to be admitted pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: 404-881-3500

*Attorneys for Defendant / Movant*
INDUSTRIAL ENTERPRISES OF
AMERICA, INC.


- 14 -