John F. Cambria (JC-4098)
Tiffany A. Buxton (TB-1002)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016-1387
Telephone: 212-210-9400

Theodore J. Sawicki
Robert R. Long
Kerry K. Vatzakas
(*all to be admitted pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: 404-881-7000

*Attorneys for Defendant / Movant*
JAMES W. MARGULIES

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANNMARIE MALLOZZI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>       Plaintiff,<br><br>vs.<br><br>INDUSTRIAL ENTERPRISES OF AMERICA, INC., JOHN MAZZUTO, JORGE YEPES, DENNIS O'NEILL, and JAMES MARGULIES,<br><br>       Defendants. | 1:07-cv-10321 (GBD)<br><br>ECF CASE<br><br><br><br><u>**JURY TRIAL DEMANDED**</u> |

<u>**MOTION TO ENLARGE TIME PERIOD TO RESPOND TO COMPLAINT**</u>
<u>**AND MEMORANDUM IN SUPPORT THEREOF**</u>
<u>**BY DEFENDANT JAMES W. MARGULIES**</u>

Defendant James W. Margulies (hereinafter "Margulies"), pursuant to Fed. R. Civ. P. 6(b)(2), hereby files this Motion to Enlarge Time Period and Memorandum in Support Thereof.

ADMIN/20221443v2

Defendant Margulies respectfully requests that he be allowed to file a responsive pleading to the Complaint in the above-referenced case on or before June 13, 2008.

## BACKGROUND

Plaintiff Annmarie Mallozzi ("Plaintiff Mallozzi" or "Mallozzi") filed the Complaint in this action on November 14, 2007. On February 5, 2008, Plaintiff Mallozzi filed a document stating that Margulies was served on January 31, 2008. There has never been an entry of default filed against Margulies. On February 21, 2008, a Stipulation Appointing Lead Plaintiffs and Approving Selection of Co-Lead Counsel was submitted to the Court, appointing Plaintiffs Carl Meisner and the Goldenberg Group Lead Plaintiffs in this action. Nothing has been filed in this matter since then.

Margulies was without legal representation in this matter until May 9, 2008, when Defendants engaged Alston & Bird LLP. (*See* Declaration of James W. Margulies ("Margulies Decl."), ¶ 9.) Margulies' company, Industrial Enterprises of America, Inc. ("IEAM") has had a difficult and extended liquidity crisis. (*See id.*, ¶¶ 4-7.) Consequently, the Company did not have the funds necessary to retain class action defense counsel for either IEAM or Margulies to enter an appearance in the class action, despite repeated efforts to make arrangements for same. (*See id.*, ¶ 4.) Margulies did not hire class action defense counsel for himself because (a) he could not readily afford securities class action counsel and (b) he was deferring to IEAM's decision to retain such defense counsel in order to enable a coordinated and efficient defense to the Class Action and to minimize IEAM's defense cost obligations.

On May 9, 2008, the same day Alston & Bird LLP was hired as counsel for IEAM and Margulies, Alston & Bird contacted Plaintiffs' counsel to request that Plaintiffs' counsel agree to

a briefing schedule regarding a response to Plaintiffs' Complaint. Plaintiffs' counsel did not agree to this request.

## ARGUMENT

Margulies' reason for requesting an enlargement of time under Rule 6(b) demonstrates excusable neglect under the standards set out by the controlling law. "'[E]xcusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of movant." *Losacco v. City of Middletown*, 71 F.3d 88, 91 (2d Cir. 1995). Rather, it may encompass delays "caused by inadvertence, mistake, or carelessness at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit." *Id.* (internal citations omitted). Indeed, courts have found "excusable neglect" even when a party seeks enlargement under Rule 6(b) for mere inadvertence. *Raymond v. International Business Machines Corp.*, 148 F.3d 63, 66 (2d Cir. 1998) (holding that "mere inadvertence, without more, *can* in some circumstances be enough to constitute 'excusable neglect' justifying relief under Rule 6(b)(2).").

1. **The delay has not been long.**

Margulies' time to respond to the Complaint has not been long delayed, and, indeed, only passed this past March 2008. This is in sharp comparison to some parties who seek to move for an enlargement of time to respond to a document filed over a year and a half earlier. *See, e.g., Dais v. Lane Bryant, Inc.*, 203 F.R.D. 115 (S.D.N.Y. 2001).

2. **There was no bad faith.**

Margulies' lack of response was not in bad faith. He simply did not have counsel. (*See* Margulies Decl., ¶ 9.) He could not readily afford securities class action counsel, and his company was suffering from an extended liquidity crisis and thus could not pay his legal fees for

him. (*See id.*, ¶¶ 4, 9.) Parties without counsel are afforded extra leeway in meeting the procedural rules governing litigation. *See, e.g., Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

### 3. There will be no prejudice to Plaintiff.

Allowing for an enlargement of time for Margulies to respond to the Complaint would not prejudice Plaintiffs because the case is still in the very early stages of litigation. None of the named defendants have filed answers or responsive pleadings, the case has not progressed into discovery, and lead plaintiffs were chosen only on February 21, 2008. Nothing has been filed in the action since the filing of the Court's February 21 Order appointing lead plaintiffs. Plaintiffs would be hard-pressed to argue that actually prosecuting the action would prejudice them. Further, delay alone is not sufficient to establish prejudice. *See, e.g., Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993).

Finally, Plaintiffs will not be prejudiced because the main defendant, IEAM, has not even been properly served. (*See* Mem. In Support of Motion to Set Aside Entry of Default as to Defendant Industrial Enterprises Of America, Inc. and Motion to Extend Time to File a Responsive Pleading, at 4-7.)

### 4. Margulies' excuse has merit.

As described above and in Margulies' Declaration, the sole reason that he has not responded was because of his inability to hire a lawyer prior to May 9, 2008. (*See* Margulies Decl., ¶ 8.) It is completely understandable that Margulies would not want to respond to a lawsuit accusing him of violations of the federal securities laws without competent class action defense counsel. Further, Margulies was deferring to the Company's decision to retain such defense counsel in order to enable a coordinated and efficient defense to the Class Action and to

minimize the Company's defense cost obligations. (*See id.*) Further, as will be discussed in more detail if this Court grants the present Motion, Margulies believes he has several defenses to the claims brought against him.

## CONCLUSION

For all of the foregoing reasons, Margulies respectfully requests that the Court grant his motion to enlarge his time to respond to the Complaint, and allow him to file a responsive pleading on or before **June 13, 2008**, which is when IEAM has requested to file its responsive pleading.

Dated: New York, New York
      May 12, 2008

ALSTON & BIRD LLP

/s/
John F. Cambria (JC-4098)
Tiffany A. Buxton (TB-1002)
90 Park Avenue
New York, NY 10016-1387
Telephone: 212-210-9400

Theodore J. Sawicki
Robert R. Long
Kerry K. Vatzakas
(*all to be admitted pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: 404-881-3500

*Attorneys for Defendant / Movant*
JAMES W. MARGULIES