## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ANNMARIE MALLOZZI, individually and §
on behalf of all others similarly situated, §
§
§
Plaintiffs,                               §          CASE No.: 07-CV-10321 (GBD)
§
v.                                        §
§          CLASS ACTION
INDUSTRIAL ENTERPRISES OF                 §
AMERICA, INC.; JOHN MAZZUTO;              §
JORGE YEPES; DENNIS O'NEILL; and          §
JAMES MARGULIES,                          §
Defendants.       §

## ORDER OF PRELIMINARY APPROVAL OF SETTLEMENT

WHEREAS, a class action is pending before the Court entitled *Mallozzi, et al. v. Industrial Enterprises of America, Inc., et al.*, Case No. 07-CV-10321 (S.D.N.Y.) (the "Litigation"); and

WHEREAS, the Parties having made application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order preliminarily approving the settlement of this Litigation in accordance with the Superseding Stipulation and Agreement of Settlement (the "Stipulation") which together with the exhibits annexed thereto, set forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto;

IT IS HEREBY ORDERED:

1.     The terms defined in the Stipulation are incorporated herein.

2.     The settlement of the Litigation, as set forth in the Stipulation, is preliminarily approved as fair, reasonable and adequate.

3.   Pursuant to terms and conditions in the Stipulation, the Court preliminarily finds, for the purpose of this Settlement only, that the Litigation meets the class certification requirements of Rule 23 of the Federal Rules of Civil Procedure and that the Class consists of: "all persons who purchased or otherwise acquired any common stock ("Stock") of Industrial Enterprises of America, Inc. ("IEAM") during the period from December 4, 2006 through and including November 7, 2007, and were damaged thereby (collectively, the "Class"). Excluded from the Class are (1) Defendants, (2) members of Defendants' immediate families, (3) Defendants' legal representatives, heirs, predecessors, successors and assigns, and any entity in which any Defendant has or had a controlling interest, (4) Trinity Bui, with respect to the Bui Shares, defined as those shares of IEAM stock that were the subject of the litigation captioned *Trinity Bui v. IEAM*, 08 Civ. 0583 (S.D.N.Y. Jan. 23, 2008) that was decided adversely to plaintiffs on the merits on January 15, 2009, (5) Peter Vanucci, (6) Catherine Tamme, (7) River Valley Asset Management, LLC, (8) any entity in which Peter Vanucci, Catherine Tamme, or River Valley Asset Management, LLC, has or had a controlling interest, (9) those persons who file valid and timely requests for exclusion in accordance with this Order, and (10) each person or entity that timely requested exclusion from the settlement class certified by the Court's Order filed and entered as of April 17, 2009, as set forth in Exhibit A to the Second Amended Complaint." The Court hereby preliminarily designates Lead Plaintiffs Carl Meisner, on behalf of himself and his minor children, Ronald Goldenberg, and Carl Haeussler as Class Representatives for the purposes of settlement only.

4.   In preliminarily certifying this Class, the Court preliminarily concludes for the purposes of settlement only that: (a) the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied; (b) the Class is so numerous that joinder of all

members is impractical; (c) there are questions of law and fact common to all members of the Class; (d) the claims of the Lead Plaintiffs are typical of the claims of the members of the Class; (e) Lead Plaintiffs will fairly and adequately protect the interests of the members of the Class; (f) Plaintiffs' Lead Counsel are qualified to represent the Class; (g) common questions of law and/or fact predominate over any such questions that may affect Class Members individually; and (h) a class action is superior to all other available methods for the fair and efficient adjudication of this Litigation.  If the Stipulation is terminated or is not consummated for any reason, the certification of the Class shall be void, and Plaintiffs and Defendants shall be deemed to have reserved all of their rights to propose or oppose any and all class certification issues.

5.      A hearing (the "Settlement Hearing") shall be held before this Court on MAY 18, 2011, at 10:00 .m. in Courtroom 21D of the United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, to determine:  (i) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and should be approved by the Court; (ii) whether a Judgment as provided in Paragraph J of the Stipulation should be entered herein; (iii) whether the Plan of Allocation of the Net Settlement Fund as set forth in Schedule A of the Stipulation should be approved; and (iv) whether the motion of Lead Plaintiffs' Counsel for the payment of Attorneys' Fees and Expenses and an award to Lead Plaintiffs is reasonable and should be approved.

6.      The Court approves, as to form and content, the Notice of Pendency and Settlement of Class Action (the "Notice"), the Summary Notice of Pendency and Settlement of Class Action ("Summary Notice"), and the Proof of Claim and Release form (the "Proof of Claim"), annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the publication, mailing and distribution of the Notice and Summary Notice substantially in the

3

manner and form set forth in this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21(D)(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(1)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto. Lead Plaintiffs' Counsel are authorized to issue such Notice, Summary Notice, and Proof of Claim, in substantially their present form, to those members of the Class that can be identified through reasonable effort.

7.      Lead Plaintiffs' Counsel are hereby authorized to retain the firm of Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure as well as to process the claims as more fully set forth below:

a.      Not later than 14 calendar days following the date of entry of this Order, Lead Plaintiffs' Counsel shall cause a copy of the Notice and Proof of Claim, substantially in the form of Exhibits A-1 and A-3 annexed hereto, to be mailed by first-class mail to all Class Members reasonably identified by the transfer records for IEAM Stock at the Class Members' addresses listed on such transfer records (obtained in accordance with Paragraph 8 of this Order). The date of such initial mailing shall be referred to as the "Notice Date";

b.      Not later than 14 calendar days following the date of entry of this Order, Lead Plaintiffs' Counsel shall cause a Summary Notice, substantially in the form annexed as Exhibit A-2 hereto, to be published once in *Investor's Business Daily*, and shall cause a copy of the Summary Notice to be published electronically on the *MarketWire*;

4

c.      Lead Plaintiffs' Counsel shall also cause copies of the Notice and Proof of Claim to be mailed as soon as practicable to persons who indicate, in response to the Summary Notice or otherwise, that they acquired IEAM Stock during the Class Period;

d.      The Claims Administrator under direction of Lead Plaintiffs' Counsel shall use their best reasonable efforts to obtain from all banks, brokerage firms or other nominees (the "Nominees") shown by the transfer records of IEAM to be members of the Class, the names and addresses of their customers for whom they held such IEAM Stock as Nominee and who acquired such Stock during the Class Period, and to cause a copy of the Notice, together with a copy of the Proof of Claim, to be promptly mailed by first-class mail to each such customer whose name and address is provided by any Nominee.  Alternatively, such Nominees may at their own election make such mailing themselves;

e.      No later than 28 calendar days prior to the Settlement Hearing provided for in Paragraph 5 of this Order, Lead Plaintiffs' Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration under penalty of perjury, of such publication and mailing.

8.      All reasonable costs incurred in identifying and notifying members of the Class shall be paid from the Notice Account as set forth in and subject to the provisions of the Stipulation.

9.      All members of the Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable.

10.     Class Members who wish to receive payment from the Net Settlement Fund shall complete and submit Proofs of Claim in accordance with the instructions contained therein.  All Proofs of Claim must be postmarked or received no later than 21 calendar days prior to the Settlement Hearing.

11.     For purposes of facilitating the processing of claims, Lead Plaintiffs' Counsel and/or the Claims Administrator shall lease and maintain a numbered post office box. All Notices to Class Members and other communications regarding the proposed Settlement of these actions shall designate the post office box as the return address.  Lead Plaintiffs' Counsel and/or the Claims Administrator shall be responsible for preserving, for a period of two years from the date of distribution of the proceeds of the Net Settlement Fund, all Proofs of Claim and any and all other written communications from Class Members or any other person in response to the Notice.  Lead Plaintiffs' Counsel and/or the Claims Administrator shall be responsible for responding to inquiries mailed to said post office box, but copies of all written answers to such inquiries shall be maintained and made available for inspection by all counsel in this Litigation.

12.     All members of the Class shall have the option to be excluded from the Class and thereby elect not to receive payment from the Net Settlement Fund.  Such exclusions shall be exercisable by mailing a timely and valid request for exclusion (the "Notice of Exclusion"), postmarked no later than fourteen days prior to the Settlement Hearing, and mailed by first-class mail pursuant to the instructions set forth in the Notice.  The Notice of Exclusion shall state the following: the name, address and telephone number of the individual or entity who wishes to be excluded from the Class as well as information listing his or her purchases of IEAM Stock during the period from December 4, 2006 through and including November 7, 2007, and, the dates when any of the Stock was sold.  All persons who timely file valid Notices of

6

Exclusion from the Class shall not be Class Members and shall have no rights with respect to the Settlement and have no interest in the Net Settlement Fund.  Any member of the Class not submitting a valid and timely Notice of Exclusion shall remain a member of the Class.

13.     Lead Plaintiffs' Counsel shall promptly provide Defendants' Counsel and counsel for Defendants' Insurer with a copy of all communications and documentation, including Notices of Exclusion, relating to members of the Class who request exclusion therefrom.  Lead Plaintiffs' Counsel shall cause all such documentation concerning Notices of Exclusion to be provided to Defendants' Counsel and counsel for Defendants' Insurer no later than 14 calendar days prior to the Settlement Hearing.

14.     Any Class Member may enter an appearance in the Litigation, at his or her or its own expense, individually or through counsel of his, her or its choice.  If any Class Member does not enter an appearance, he, she or it will be represented by Lead Plaintiffs' Counsel.

15.     Pending final determination of whether the Settlement should be approved, neither the Class Representatives nor any member of the Class, either directly, representatively, or in any other capacity, shall commence, maintain, or prosecute any action or proceeding in any court or tribunal asserting any of the Settled Claims against any of the Released Parties.

16.     Pending final determination of whether the Settlement should be approved, all discovery and all proceedings in the Litigation are stayed, except for the proceedings relating to the settlement of the Litigation.

17.     Any member of the Class who has not requested exclusion may appear with or without counsel, and show cause, if he, she or it has any, as to: why the proposed

7

settlement of the Litigation should not be approved as fair, reasonable and adequate, why a

Judgment should not be entered thereon, why Attorneys' Fees and Expenses should not be

awarded to Lead Plaintiffs' Counsel in the amount requested, why Awards to Lead Plaintiffs

should not be allowed, or why the Plan of Allocation of the Net Settlement Fund should not be

approved; provided, however, that no Class Member or any other Person shall be heard or

entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if

approved, the Judgment to be entered thereon approving the same, or the order approving the

Plan of Allocation, or the Award of Attorneys' Fees and Expenses to be awarded Lead Plaintiffs'

Counsel, or the order approving Awards to Lead Plaintiffs unless: (i) that Person has served on

the following counsel (delivered by hand or sent by first class mail) written objections and copies

of any papers and briefs in support thereof no later than 14 calendar days prior to the Settlement

Hearing:

Phillip Kim, Esq.
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, NY 10016

*Lead Plaintiffs' Counsel*

Jeffrey G. Weil, Esq.
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103

*Defendants' Counsel*

and (ii) filed said objections, papers and briefs with the Clerk of the United States District Court

for the Southern District of New York, no later than 14 calendar days prior to the Settlement

Hearing. Any objection to the Settlement, Plan of Allocation, application for Attorneys' Fees

and Expenses, or Awards to Lead Plaintiffs must contain a written notice of the grounds for the

objection, which must demonstrate the objecting person's membership in the Class by including: (a) the objecting person's name, address and telephone number; (b) proof of the number of shares of IEAM Stock purchased or acquired during the Class Period by the objecting person, and the dates the shares were sold, if any; and (c) a statement of the reasons for objection. Any Class Member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, to the award of Attorneys' Fees and Expenses to Lead Plaintiffs' Counsel, or to an Award to Lead Plaintiffs, unless otherwise ordered by the Court.

18.    Any response to any objection(s) to the proposed Settlement or the motion for Attorneys' Fees and Expenses shall be filed no later than 7 calendar days before the Settlement Hearing.

19.    Upon the Effective Date, Lead Plaintiffs and each of the Class Members on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, insurers and assigns, and any other persons they represent, shall, with respect to each and every Settled Claim, release and forever relinquish and discharge, and shall forever be enjoined from prosecuting, all Settled Claims and any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Litigation against the Released Parties (including Unknown Claims) whether or not such Class Member executes and delivers the Proof of Claim and Release, except claims to enforce any of the terms of the Stipulation. Further, Lead Plaintiffs and all Class Members on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, insurers and assigns, expressly covenant not to assert any claim or action against any of the Defendants derivatively on behalf of IEAM that (i)

arises out of or relates to any of the acts, omissions, misrepresentations, facts, events, matters, transactions or occurrences referred to in the Litigation or otherwise alleged, asserted or contended in the Litigation or (ii) that could have been alleged, asserted or contended in any forum by the Class Members or any of them against any of the Released Parties which arise out of, relate to, or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Class Action Complaint, and shall forever be enjoined from commencing, instituting or prosecuting any such claim. Pursuant to the Stipulation, the Lead Plaintiffs and all Class members shall also assign to IEAM any and all claims not released by the Settlement that they have or may have against persons other than Defendants which arose out of or relate to the issuance or transfer of IEAM stock, assets or property.

20.     All funds held by the Escrow Agents shall be deemed and considered to be in *custodia legis* of the Court in accordance with the Stipulation, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation, Plan of Allocation and/or further order(s) of the Court.

21.     The payment of the Payment Fund to the First Escrow Agent in accordance with the terms and obligations of the Stipulation is approved.

22.     Neither the Stipulation, nor any of its terms or provisions, nor any negotiations or proceedings connected with it, shall be construed as an admission or concession by any of the Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault or wrongdoing of any kind.  If the Settlement is disapproved, cancelled or terminated in accordance with the terms of the Stipulation, then, except as provided in Paragraph L therein, the Stipulation shall have no force or effect, all negotiations, proceedings and

statements made in connection therewith shall be without prejudice to the right of any persons, and the Parties to the Litigation shall be restored to their prior respective positions.

23.     All papers in support of the Settlement, and any motion for Attorneys' Fees and Expenses and an award to Lead Plaintiffs, shall be filed with the Court and served no later than 28 calendar days prior the Settlement Hearing.

24.     At or after the Settlement Hearing, the Court will determine whether the motion of Lead Plaintiffs' Counsel for an award of Attorneys' Fees and Expenses and an award to Lead Plaintiffs should be approved.

25.     The Court reserves the right to adjourn the date of the Settlement Hearing and any adjournment thereof without further notice to members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

26.     Only Class Members shall have any rights with respect to approval of, or objection to, the Settlement, the Plan of Allocation and the motion of Lead Plaintiffs' Counsel for the payment of Attorneys' Fees and Expenses and an award to Lead Plaintiffs.

IT IS SO ORDERED, this 2ᵗʰ day of February, 2011.

0 3 FEB 2011

_George B. Daniels_

HON. GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE