**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (LR 5733)
Phillip Kim, Esq. (PK 9384)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
Gregory M. Nespole, Esq. (GN 6820)
Matthew M. Guiney, Esq. (MG 5858)
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Fax: (212) 545-4653

*Lead Plaintiffs' Counsel*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

ANNMARIE MALLOZZI, individually and on
behalf of all others similarly situated,

                        Plaintiff,

            v.

INDUSTRIAL ENTERPRISES OF AMERICA,
INC.; JOHN MAZZUTO; JORGE YEPES;
DENNIS O'NEILL; and JAMES MARGULIES,

                        Defendants.

-------------------------------------------------------------X

CASE No.: 07-CV-10321 (DLC)

<u>CLASS ACTION</u>

**PLAINTIFFS' UNOPPOSED
MOTION FOR DISTRIBUTION
OF   CLASS   SETTLEMENT
FUNDS;  MEMORANDUM  OF
POINTS  AND  AUTHORITIES
IN SUPPORT THEREOF**

        Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, court-appointed Lead

plaintiffs Carl Meisner (on behalf of himself and his minor children), Ronald Goldenberg, and

Carl Haeussler ("Lead Plaintiffs") and their Lead Counsel The Rosen Law Firm, P.A. and Wolf

Haldenstein Adler Freeman & Herz LLP, hereby move the Court for an Order: (a) approving the

administrative determinations of Strategic Claim Services ("SCS"), accepting and rejecting the claims submitted as recommended herein and in the Affidavit of Paul Mulholland CPA, CVA Concerning Administrative Procedures Performed to Process and the Results Thereof ("Mulholland Affidavit"); (b) directing payment of administrative costs and fees incurred and to be incurred in connection with services performed and to be performed with respect to the administration of the Settlement Fund; and (c) directing distribution of the Net Settlement Fund, after deduction of the payments requested herein, to Authorized Claimants.

In support of this Motion, Plaintiffs submit the following Memorandum of Points and Authorities, the Declaration of Laurence Rosen In Support of Plaintiffs' Unopposed Motion for Distribution of Class Settlement Funds ("Rosen Declaration"), filed herewith, and the Mulholland Affidavit, attached as Exhibit 1 to the Rosen Declaration.

## MEMORANDUM OF POINTS AND AUTHORITIES[1]

## I.    INTRODUCTION

This action commenced on November 14, 2007 as a class action on behalf of all persons and entities other than Defendants who purchased the common stock of Industrial Enterprises of America, Inc. ("IEAM" or the "Company") during the period between December 4, 2006 and November 7, 2007 for alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.

On July 2, 2008, Plaintiffs filed the First Amended Complaint, which incorporated additional facts. After Defendants' motion to dismiss and responsive briefing was completed, the parties entered into a stipulation and agreement of settlement and filed it with the Court on

---

[1] All capitalized terms herein, unless otherwise indicated, have the same meaning and definition as given to them in the Superseding Stipulation and Agreement of Settlement (Docket No. 127; the "Stipulation"), dated December 9, 2010.

April 8, 2009 (the "First Settlement").   On April 17, 2009, the Court entered an order preliminarily approving the First Settlement and scheduled the final approval hearing on July 29, 2009.  Following the filing of Plaintiffs' motion for final approval of the First Settlement, Defendant O'Neill exercised his right to terminate the First Settlement as the agreed upon threshold for opt-outs was exceeded.  Therefore, the First Settlement was terminated.

Following several months of negotiations and numerous settlement conferences with Magistrate Judge Ellis, Plaintiffs filed the operative Second Amended Complaint on November 24, 2009.   The Second Amended Complaint specifically excluded from the litigation the parties that had previously opted-out of the First Settlement. The Second Amended Complaint was also served on those Existing Opt-Out Parties by registered U.S. Mail with return receipt.

On February 3, 2011, the Court entered the operative Order of Preliminary Approval of Settlement ("Prelim. Approval Order"; Docket No. 129) upon the submission of the operative Stipulation and supporting documents, and on June 1, 2011, the Court entered an Order and Final Judgment ("Final Judgment"; Docket No. 134), which approved as fair, reasonable, and adequate the terms and conditions set forth in the Superseding Stipulation and Agreement of Settlement ("the Stipulation"; Docket No. 127) dated December 9, 2010.  The Settlement, in consideration for the Class's Released Claims, provides a Gross Settlement Amount of $3,400,000 in cash. It consists of: (1) a Payment Fund of $2,400,000 in cash (includes $100,000 for previously incurred notice costs that were paid by Defendants' Insurer); and (2) a Holdback Fund of $1,000,000 in cash.

In its Final Judgment, the Court also approved the Motion of Lead Plaintiffs and Lead Plaintiffs' Counsel Motion for Attorneys' Fees and Reimbursement of Expenses, which provided for an award of one-third of the Payment fund in fees to Lead Plaintiffs' Counsel,

reimbursement of expenses in the amount of $60,917.28, and an award to Lead Plaintiff of $1,500 – all to be paid from the Payment Fund.

Pursuant to the Stipulation (pg. 32, ¶ H2) Lead Plaintiffs' Counsel's attorneys' fees (i.e. 1/3 of the Payment Fund) and expenses ($60,917.28) have been paid from the Payment Fund. As of April 24, 2012, there is $1,477,547.37, remaining in the Payment Fund.  *See* Rosen Decl., ¶3.

Lead Plaintiffs' Counsel has been advised by the court-appointed claims administrator, Strategic Claims Services, that it has completed all analyses and accounting procedures in connection with the proofs of claim (the "Claims") submitted by those persons who responded to the Notice, and has determined which of those persons are Authorized Claimants as defined by the Stipulation. *See* Mulholland Affidavit ¶ 9; Stipulation, p. 26, ¶ D-13.

All that remains to complete the Settlement process is to distribute the Net Settlement Fund[2] to the Authorized Claimants. Plaintiffs' Counsel requests that the Court authorize the distribution of the Net Settlement Fund.

In addition, Plaintiffs' Counsel requests that the Court authorize payment of reasonable unpaid fees and expenses incurred by SCS in the administration of the Settlement Fund.

Should any amounts remain in the Holdback Fund following the resolution of all Holdover Proceedings, Plaintiffs' Counsel will make a supplemental distribution to Class Members pursuant to the Stipulation. *See* Stipulation . 19, ¶C.1.c.

## II.     DETERMINATION OF AUTHORIZED CLAIMS

### A.     Deficient and Ineligible Claims

---

[2]Defined as the Payment Fund, less: (i) Attorneys' Fees and Expenses; (ii) Administration Expenses; (iii) taxes; (iv) Awards to Lead Plaintiffs; and (v) other fees and expenses authorized by the Court. Stipulation, p. 10, ¶ A-30.

Pursuant to the Court's Order of Preliminary Approval of Settlement dated February 3, 2011 ("Prelim. Approval Order"; Docket No. 129), all claims were to be submitted to the Claims Administrator postmarked or received no later than 21 days prior to the Settlement Hearing (April 27, 2011), which was held on May 18, 2011.  Prelim. Approval Order ¶¶ 5, 10. The Claims Administrator has finalized its determination of which claims are authorized and which are ineligible.  Mulholland Affidavit ¶ 9.

SCS identified 97 inadequately documented claims. When claims were inadequately documented, SCS sent claimants deficiency notices advising them of the deficiency, and they were given the opportunity to cure the deficiency.  *See* Mulholland Affidavit, ¶9b. Of the 97 claims initially identified as deficient, 77 have been successfully rectified and are now considered valid.  *Id.*  The remaining 20 claimants either did not respond to the deficiency notice, or responded with insufficient documentation.  *Id.*  These claimants were sent second rejection notices explaining the reason(s) for their rejection. To date, none of these remaining claimants have objected to or contested SCS's determination.  *Id.*, & Ex. D thereto.

In addition to the 20 claims above, SCS identified 893 claimants that it has recommended for complete rejection due to such claimants having no Recognized Losses; no purchases during the Class Period; duplicative claims; shares sold short; claims filed by Trinity Bui—a party explicitly excluded in the Settlement Class distribution, and shares that were not purchased.  *Id.*, at ¶ 9c.[3]  Such claimants were sent rejection notices advising them of SCS's determination, and to date, none of these claimants have objected to or contested their rejection. *Id.* No other shareholder has disputed the Claim's Administrator's determinations.  Therefore,

---

[3] Ms. Bui has instituted her own civil against against IEAM and her case was dismissed. Her claims against IEAM was dismiss with prejudice, and certain of other claims against other defendants were dismissed without prejudice.  *See Bui v. Industrial Enterprises of America, Inc.*, 594 F.Supp.2d 364 (S.D.N.Y. 2009).  Ms. Bui did not subsequently file an amended complaint.

Plaintiffs respectfully request that the Court approve the Claim Administrator's recommendation to disallow the ineligible and deficient claims set forth in Exhibits D and E to the Mulholland Affidavit.

### B.      Untimely but Otherwise Valid Claims

The Stipulation indicates that: "All Proofs of Claim must be postmarked or received within the time prescribed in the Order of Preliminary Approval unless otherwise ordered by the Court. Any Class Member who fails to submit a properly completed Proof of Claim within such period as shall be authorized by the Court shall be forever barred from receiving any payments pursuant to this Superseding Settlement Agreement or from the Net Settlement Fund (unless, by Order of the Court, a later submitted Proof of Claim by such Class Member is approved)." Stipulation, p. 24, ¶ 4.

SCS identified 393 properly documented and valid claims, which includes 379 timely filed valid claims and 14 late but otherwise valid claims filed after the Court-approved deadline of April 27, 2011.  *See* Mulholland Affidavit, ¶ 9a, n. 2.

The untimely filed claims have not caused significant delay to the distribution of the Net Settlement Fund, or otherwise prejudiced any Authorized Claimants, and the amount of recognized loss represented by the late claims ($58,190.36) is relatively small when compared to amount of the recognized losses of the timely claims (over $28 million).  *See* Mulholland Aff., n. 3; *See Dahingo v. Royal Caribbean Cruises ;Ltd.*, 312 F.Supp.2d 440, 446 (S.D.N.Y. 2004), citing *In re "Agent Orange" Product Liability Litig.*, 689 F.Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court even allowing previously opted-out claims since settlement agreement established a fixed fund, and timely claims having "no justifiable expectation in any particular

pay-out"); *see also In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001) (court allowing late claim on "finite pool of assets").

As such, Plaintiffs' Counsel request that the Court approve the 14 untimely, but otherwise valid claims as listed in Exhibit B-2 of the Mulholland Affidavit.

## III.    FINAL REQUEST FOR EXPENSES

### A.    All Attorneys' Fees Have Previously Been Awarded by the Court

This motion does not request any award of attorneys' fees.  All attorneys' fees for Lead Plaintiffs' Counsel in connection with the Payment Fund have previously been awarded by the Court.  *See* Fee and Expenses Order ¶ 4.  In addition, this motion does not request an award of expenses, except, as discussed *infra*, for the remaining unpaid final fees and expenses (including the remaining cost incurred in giving Notice to the Settlement Class Members) of the Claims Administrator relating to processing claims and distributing the Net Settlement Fund.

### B.    Claims Administrator's Fees and Expenses

SCS, the court-appointed Claims Administrator, has now processed all claims and determined its fees and expenses for processing and distributing the Net Settlement Fund.  *See* Mulholland Affidavit ¶ 10, Ex. G, thereto. The total amount of SCS' unpaid fees and expenses, which include, without limitation, managing Notice of Claim Forms, publishing Summary Notice, reviewing and analyzing claims, calculating the aggregate Recognized Losses for ultimate distribution of the Net Settlement Fund, preparing income tax returns for the Settlement Fund, and distributing the Net Settlement Fund to Authorized Claimants, is $64,631.21.  *See* Mulholland Affidavit ¶ 10, Ex. G, thereto.

## IV.    DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to the Stipulation and the Plan of Allocation authorized by the Court's Final Judgment, the Net Settlement Fund shall be distributed by the Claims Administrator, under the supervision of Lead Counsel, in accordance with the Stipulation and Plan of Allocation, or such further orders of the Court as may be necessary, or as circumstances may require.  *See* Stipulation, p. 23, ¶ D-1.

If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, to Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution.  If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Plaintiff's Counsel.  *See* Stipulation, p. 27, ¶ D-14.

## V.      CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court decide the within motion on the papers, and approve and enter the Proposed Order submitted herewith.

DATED: April 26, 2012                                Respectfully submitted,

                                                     **THE ROSEN LAW FIRM, P.A.**


                                                     /s/ Phillip Kim
                                                     Laurence Rosen, Esq. (LR 5733)
                                                     Phillip Kim, Esq.  (PK 9384)

-and-

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
Gregory M. Nespole, Esq. (GN 6820)
Matthew M. Guiney, Esq. (MG 5858)

**CERTIFICATE OF SERVICE**

I, Phillip Kim, hereby declare under penalty of perjury as follows: I am attorney with the Rosen Law Firm, P.A., with offices at 275 Madison Avenue, 34th Floor, New York, New York 10016. I am over the age of eighteen.

On April 26, 2012, I electronically filed the following **PLAINTIFFS' UNOPPOSED MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on April 26, 2012

_____   /s/ Phillip Kim